### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF D.C.

| | | |
|---|---|---|
| **THE CENTER FOR INVESTIGATIVE REPORTING,**<br>1400 65th St.<br>Emeryville, CA 94608<br><br>　　　Plaintiff,<br><br>　　　v.<br><br>**U.S. IMMIGRATION & CUSTOMS ENFORCEMENT,**<br>Office of General Counsel<br>U.S. Department of Homeland Security<br>Washington, DC  20258<br><br>**U.S. DEPARTMENT OF HOMELAND SECURITY,**<br>245 Murray Lane SW<br>Mail Stop 0485<br>Washington, D.C. 20528-0485<br><br>　　　Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Case No. 18-cv-1964 |

### **COMPLAINT**

　　　1.　　Plaintiff THE CENTER FOR INVESTIGATIVE REPORTING brings this suit to remedy Defendants U.S. IMMIGRATION & CUSTOMS ENFORCEMENT and U.S. DEPARTMENT OF HOMELAND SECURITY'S failure to promptly produce records related to entries in the Criminal Arrest Records and Immigration Enforcement Records System (CARIER) in response to Plaintiff's Freedom of Information Act requests.

### **PARTIES**

　　　2.　　THE CENTER FOR INVESTIGATIVE REPORTING ("CIR") is the nation's first nonprofit investigative journalism organization and made the FOIA requests at issue in this

case.  CIR publishes *Reveal*, an online news site at www.revealnews.org, and *Reveal*, a weekly public radio show with approximately 2 million monthly listeners.  CIR has received multiple awards for its reporting.  CIR is a nonprofit established under the laws of the State of California, with its primary office in Emeryville, California.

3. Defendant U.S. DEPARTMENT OF HOMELAND SECURITY ("DHS") is a federal "agency" within the meaning of 5 U.S.C. § 552(f)(1) and subject to the Freedom of Information Act, 5 U.S.C. § 552.

4. Defendant U.S. CUSTOMS & IMMIGRATION ENFORCEMENT ("ICE") is a federal "agency" within the meaning of 5 U.S.C. § 552(f)(1) and component of DHS and is subject to the Freedom of Information Act, 5 U.S.C. § 552.

## JURISDICTION AND VENUE

5. This case is brought under 5 U.S.C. § 552(a)(6)(c)(i) and presents a federal question conferring jurisdiction on this Court.

6. Venue is proper under 5 U.S.C. § 552(a)(4)(B).

## DEFENDANTS' FOIA VIOLATION

7. On April 17, 2017, CIR requested from ICE, all entries in the CARIER system for each arrest record maintained for fiscal year 2015 to present, with a breakdown by field office, fiscal year and arrest date, and including certain specified biographical, historical and case-related information.

8. On April 19, 2017, CIR requested from ICE, all entries in the CARIER system for each arrest record maintained for January 1, 2017 to the present, with a breakdown by field office, fiscal year and arrest date, and including certain specified bond-related information. True and correct copies of the full requests, which have been paraphrased here, are attached as Exhibit A.

9. On June 1, 2017, ICE issued an acknowledgement and assigned the requests number 2017-ICFO-29929. A true and correct copy is attached as Exhibit B.

10. After ICE failed to provide the records by the estimated delivery date of July 2, 2017 listed on the online portal, CIR contacted ICE to check on the status of the requests on both July 25, 2017 and August 14, 2017. A true and correct copy of the email chain is attached as Exhibit C.

11. On October 26, 2017, an ICE officer requested additional information about CARIER. CIR responded to this request by providing more information. A true and correct copy of that correspondence is attached as Exhibit D.

12. On October 27, 2017, ICE sent a denial to CIR, stating that no records responsive to the request were found. A true and correct copy of the denial letter is attached as Exhibit E.

13. On November 2, 2017, CIR made an administrative appeal of the denial. A true and correct copy of the appeal is attached as Exhibit F.

14. In April and June, 2018, Plaintiff had further discussions about the request with ICE, who indicated that the request was still being processed a year after it had been submitted.

15. ICE has provided no further response to the request or the appeal as of the date of the filing of this Complaint.

## COUNT I – VIOLATION OF FOIA

16. The above paragraphs are incorporated herein.

17. Plaintiff made a proper FOIA request to Defendants.

18. Defendants are agencies subject to FOIA.

19. Defendants have not promptly produced all non-exempt records responsive the request resulting from an adequate search.

**WHEREFORE,** Plaintiff asks the Court to:

i. Order Defendants to produce all non-exempt responsive records resulting from an adequate search "promptly," as the FOIA statute requires, but in any event no later than within 90 days from the date of service of this Complaint;

ii. Award Plaintiff attorney fees and costs; and

iii. Enter any other relief the Court deems appropriate.

RESPECTFULLY SUBMITTED,

*/s/ Matthew V. Topic*

Attorneys for Plaintiff
THE CENTER FOR INVESTIGATIVE REPORTING

Matthew Topic, Bar No. IL0037
Joshua Burday, Bar No. IL0042
LOEVY & LOEVY
311 N. Aberdeen, Third Floor
Chicago, IL 60607
(312) 243-5900
foia@loevy.com

D. Victoria Baranetsky
The Center for Investigative Reporting
1400 65th Street
Emeryville, CA 94609
(510) 982-2890
(*Pro Hac Vice* Forthcoming)